## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| TRUEBEGINNINGS LLC | ) | |
| | ) | |
| v. | ) | 3-08-CV-800-O |
| | ) | |
| FRANK PERRELLI | ) | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the District Court's order filed on October 7, 2008, and the provisions of 28 U.S.C. § 636(b)(1)(B) and (C), came on to be considered Plaintiff's request for default judgment (Doc. 5) and Defendant's motion to dismiss (Doc. 6) and the magistrate judge finds and recommends as follows:

1. **Plaintiff's Request for Clerk's Entry of Default.** Personal service of process was effected on Defendant Frank Perrelli in Hamden, Connecticut on May 23, 2008, which required that he answer or otherwise plead on or before June 12, 2008. Perrelli did not timely respond, but filed a *pro se* motion to dismiss on June 16, 2008, the same date on which Plaintiff filed its request for entry of default. The clerk filed the entry of default on June 17, 2008, the same date on which Defendant's motion to dismiss was entered on the docket.

A default judgment is a drastic remedy, not favored, and proper only in extreme situations. *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) and *Lacy v. Sitel Corp.,* 227 F.3d 290, 292 (5th Cir. 2000). There is a strong policy to decide cases on the merits, *Lindsey v. Prive Corp.,* 161 F.3d 886, 893 (5th Cir. 1988), and Perrelli's four-day delay is not the type of neglect which warrants the imposition of a default judgment where he is proceeding without the benefit of counsel and particularly where Plaintiff has demonstrated no prejudice. Therefore, the District Court should deny Plaintiff's request for default judgment.

2. **Defendant's motion to dismiss.** The gist of Perrelli's motion is his assertion that the contract into which he entered with Plaintiff requires that he live in Texas in order to be amenable to being sued in the State of Texas. A copy of the contract is attached to Plaintiff's original complaint as Exhibit A. The express language of the contract recites the law to be applied to disputes and the forums in which legal actions may be brought.

It is undisputed that Defendant is not a resident or citizen of the State of Texas as evidenced by the fact that service was effected on him in the State of Connecticut. The contract at ¶ 25. Disputes of conduct, provides in pertinent part that:

> "If I am not a resident of the State of Texas, I agree to *personal jurisdiction by and exclusive venue* in the State of Texas and the U.S. District Court for the Northern District of Texas." (Emphasis added).

In agreeing that any legal action can be brought in this court Defendant has waived any right to object to this court's personal jurisdiction over him. Forum selection clauses such as that contained in the present contract "are *prima facie* valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." *International Software Systems v. Amplicon, Inc.,* 77 F.3d 112, 114-15 (5th Cir. 1996). Perrelli has not carried this burden.

It is clear that Plaintiff's complaint invokes this court's diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) since it and Defendant are citizens of different states and the monetary damages

sought by Plaintiff exceed $75,000.00 [1]  Therefore, Defendant's motion to dismiss should be denied.

RECOMMENDATION:

For the foregoing reasons it is recommended that the District Court enter its order denying Plaintiff's request for default judgment and denying Defendant's motion to dismiss.

A copy of this recommendation shall be transmitted to Plaintiff's counsel and to Defendant at the address shown on the court's docket.

SIGNED this 31st day of October, 2008.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten (10) days after being served with a copy of this recommendation. Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a de novo determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain

---

[1] Matters to be included in ascertaining the amount in controversy include monetary damages and punitive damages authorized by State law. *E.g. see St. Paul Reinsurance Co., Ltd. v. Greenberg,* 134 F.3d 1250, 1252-53 and n. 7 (5th Cir. 1998). In the complaint Truebeginnings, LLC, alleges that Defendant engaged in fraud (Second Cause of Action Fraud, at page 10) and seeks exemplary damages authorized by the Texas Civil Practice & Remedy Code of at least $200,000.00. § 41.003(a)(1). Standard for Recovery of Exemplary Damages provides in pertinent part that:
> ... exemplary damages may be awarded only if the claimant proves by clear and convincing evidence that the harm with respect to which the claimant seeks recovery of exemplary damages results from fraud. (Emphasis added).

§ 41.008(b)(2) in turn authorizes an exemplary damages award of up to $200,000.

error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.